UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS R. SNELLING (#262770),

      Plaintiff,

                    CASE NO. 2:15-CV-13797
                    JUDGE VICTORIA A. ROBERTS
                    MAGISTRATE JUDGE ANTHONY P. PATTI

v.

PAUL KLEE, et al.,

      Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION (DE 18) TO STRIKE AND/OR REJECT DEFENDANTS' RECENT PLEADINGS

Thomas Roger Snelling (#262770) is currently incarcerated at the MDOC's Ionia Correctional Facility (ICF). On October 7, 2015, while incarcerated at the Gus Harrison Correctional Facility (ARF), Plaintiff filed the instant lawsuit in the U.S. District Court for the Western District of Michigan against twenty-one (21) defendants. (DE 1 (Case No. 1:15-cv-1018).) On October 26, 2015, Judge Quist entered an order (DE 3) of partial dismissal and transfer to the Eastern District of Michigan.[1]

---

[1] Of the (19) remaining defendants, eighteen (18) have appeared. (DEs 13, 14.) The U.S. Marshal is in the process of attempting service upon Defendant Martin. (DEs 9, 19 & 20.)

1

This case has been referred to me for pretrial matters. (DE 10.) Currently before the Court is Plaintiff's April 7, 2016 motion (DE 18) to strike and/or reject defendants' recent pleadings, which this Court construes as referring to Defendants' March 21, 2016 motion for summary judgment (DE 15) in the instant.

Upon consideration, Plaintiff's motion to strike Defendants' March 21, 2016 motion for summary judgment (DE 15) is **DENIED**. As an initial matter, I note that Magistrate Judge Davis denied a similar motion in Plaintiff's other case. *See* Case No. 2:15-cv-14129-LJM-SDD (DE 37). Given that Magistrate Judge Davis's order was mailed to Plaintiff on March 23, 2016, it is possible that Plaintiff was privy to that order when he mailed his instant motion to strike, which was filed with the Court on April 7, 2016.

Nonetheless, to the extent Plaintiff alleges that defense counsel is attempting to influence this Court's screening under 28 U.S.C. § 1915A, such screening occurred as indicated above before the case was transferred to this Court. In fact, Judge Quist's order dismissed two of the defendants "for failure to state a claim pursuant to 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c)." (DE 3.) Also, Defendants were not barred by an E.D. Mich. Local Rule or a Federal Rule of Civil Procedure from filing a motion for summary judgment at the time they did so.

Moreover, there are multiple mechanisms to screen a complaint. "When screening a prisoner complaint, a district court must examine both § 1915(e)(2) and § 1915A." *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). The Sixth Circuit explains:

> If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of § 1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet § 1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section. Thus, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case can proceed in due course. A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners.

*McGore*, 114 F.3d at 608.[2] In other words, "the court may dismiss a suit at any time for failure to state a claim pursuant to 28 U.S.C. § 1915A." *Townsend v. City of Morehead Kentucky*, No. 99-5575, 2000 WL 282475, *2 (6th Cir. Mar. 9, 2000);

---

[2] *McGore* has been overruled on other grounds. *See Jones v. Bock*, 549 U.S. 199, 206 (2007), *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

*see also Cunningham v. Wilson*, No. 09-CV-12718-DT, 2010 WL 3522272, at *1 (E.D. Mich. Sept. 8, 2010) (Rosen, C.J.).  Here, Plaintiff contends that defense counsel has attempted to circumvent procedure by filing Defendants' dispositive motion early, in an effort to influence the Court's preliminary screening (*see* DE 18 ¶ 6); however, even if the Court had entered a case management scheduling order setting a dispositive motion deadline, the Court is not time-limited in its ability to consider whether Plaintiff's complaint states a claim upon which relief may be granted.

Finally, the Court has entered a separate order on this date which addresses as to Plaintiff's claim that he is being denied legal materials by ICF, his allegations of bias and retaliatory behaviors (*see* DE 18 at 1) and his request for an extension of the response deadline.

**IT IS SO ORDERED.**

Dated: April 21, 2016

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE