UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS R. SNELLING (#262770),

    Plaintiff,



CASE NO. 2:15-CV-13797
JUDGE VICTORIA A. ROBERTS
MAGISTRATE JUDGE ANTHONY P. PATTI

v.

PAUL KLEE, et al.,

    Defendants.

_____/

### ORDER DENYING PLAINTIFF'S FEBRUARY 4, 2016 REQUEST (DE 7) and GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APRIL 15, 2016 NOTICE OF RETALIATION (DE 21)

Thomas R. Snelling (#262770) is currently incarcerated at the MDOC's Ionia Correctional Facility (ICF). (DE 12.) On October 7, 2015, while incarcerated at the Gus Harrison Correctional Facility (ARF), Plaintiff filed the instant lawsuit in the U.S. District Court for the Western District of Michigan against twenty-one (21) defendants, two (2) of whom were dismissed when the case was transferred to this Court. (DEs 1, 3.)

Currently before the Court is Plaintiff's February 4, 2016 request. (DE 7.) To the extent Plaintiff seeks entry of a case management scheduling order in this case setting deadlines for disclosure, discovery, etc. - such as one contemplated by

Fed. R. Civ. P. 16(b) - his request is **DENIED WITHOUT PREJUDICE.** Defendants' pending motion for summary judgment is based upon exhaustion and Eleventh Amendment immunity (*see* DE 15 at 5); here, if Plaintiff is arguing that he needs discovery in order to respond, his attention is directed to Fed. R. Civ. P. 56(d) ("When Facts Are Unavailable to the Nonmovant."). Should Plaintiff's complaint survive this motion, he may renew his request for a case management scheduling order at that time.

Moreover, Plaintiff's February 4, 2016 request (DE 7) is **DENIED** to the extent Plaintiff seeks "assistance by the Court in regards to ICF Staff and relief." Here, the nineteen (19) remaining defendants are identified as located at ARF; thus, the conditions of confinement at ICF are not the subject of Plaintiff's complaint in the instant case. Plaintiff's April 15, 2016 filing (DE 21) is **DENIED AS MOOT** to the extent it seeks similar relief. Specifically, Plaintiff makes allegations about ARUS Thurlby, staff, Officer Hall and unspecified "defendants." To the extent these claims are made with respect to his confinement at ICF, and given that the instant lawsuit has been pared down to include only ARF defendants, Plaintiff is correct that he would need to file a separate claim as to alleged retaliation and/or conditions of confinement at ICF.

Also before the Court is Plaintiff's April 15, 2016 "notice of retaliation by defendants not allowing Plaintiff access to respond to Court orders for Eastern District by severe retail[a]tory acts on Plaintiff." (DE 21.) This motion is **GRANTED** to the extent it can be construed as a motion for extension. Given Plaintiff's claims that he "will not be able to make any response to Summary Judgement [sic] . . ." and that he finds it "highly unlikely [he] can respond to Summary Judgement [sic] in proper time constraints . . . [,]"[1] Plaintiff appears to allege that the actions of ICF staff are hindering his ability to respond to Defendants' March 21, 2016, motion for summary judgment. (DE 15.) Accordingly, Plaintiff's deadline to respond is extended from May 9, 2016 (*see* DE 16) to Monday, July 11, 2016.

Finally, I note that each of these filings alleges retaliation by defendants. For example, Plaintiff claims he is "taking somewhat of a beatdown by these individuals because of my suits against some Department employees . . . ." (DE 7

---

[1] A common thread of Plaintiff's February 4, 2016 and April 15, 2016 filings is what appears to be a reference to Plaintiff's January 6, 2016 "emergency request for preliminary injunction and/or court order" in Case No. 2:15-cv-14129-LJM-SDD (E.D. Mich.). (DE 7 at 1, DE 21 at 1.) The Undersigned suspects Plaintiff is referring to his March 11, 2016 affidavit, wherein he sought to withdraw his motion, and Magistrate Judge Davis's March 23, 2016 order (DE 37), which in part dismissed this motion as moot (*see* Case No. 2:15-cv-14129-LJM-SDD (DE 36-2, DE 37), when, in his April 15, 2016 notice of retaliation in the case at bar, Plaintiff mentions an "emergency request for preliminary injunction," claims he was forced to sign a waiver, and later claims the Court is "rejecting these issues . . . ." (DE 21 at 1-2.)

at 1.) He also claims defendants are "not allowing Plaintiff access to respond to Court orders . . ." (DE 21 at 1.) To be sure, Plaintiff claims that he is "defenseless," and alleges that Officer Hall (presumably of ICF) took Plaintiff's summary judgment response on April 10, 2016. (DE 21 at 2-3.) However, Plaintiff's apparent claim that ICF staff members are interfering with his ability to prosecute this case is somewhat belied by the fact that he has, since his transfer to ICF, filed several matters in the case at bar, including the instant February 4, 2016 request (DE 7); a February 22, 2016 "3rd notice to Court of address change" (DE 12); an April 7, 2016 letter, which has since been stricken (DEs 17, 22); an April 7, 2016 motion to strike (DE 18); and the instant April 15, 2016 filing (DE 21). The Court having extended Plaintiff's response deadline, no further relief regarding this allegation will be ordered at this time.

**IT IS SO ORDERED.**

Dated: April 21, 2016

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE