UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS R. SNELLING,

    Plaintiff,                              Case No. 15-13797
                                           Honorable Victoria A. Roberts

v.

PAUL KLEE et al.,

    Defendants.
_____/

**ORDER *SUA SPONTE* DISMISSING ALL DEFENDANTS
OTHER THAN NEWSOME AND BRAMAN**

       This is a prisoner civil rights action under 42 U.S.C. § 1983. On October 7, 2015, Thomas Snelling ("Snelling") filed the underlying complaint in the U.S. District Court for the Western District of Michigan, alleging 21 Michigan Department of Corrections employees violated the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution in their treatment of him. Snelling also filed a memorandum in support of the complaint.

       On October 26, 2016, the Honorable Gordon J. Quist entered an order: (1) dismissing two defendants under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) for failure to state a claim and (2) transferring the case from the Western District of Michigan to this Court. Judge Quist summarizes Snelling's case and sets forth relevant governing law:

> In his *pro se* complaint, Plaintiff alleges that Defendants used "unjustifiable" force on him on April 17, 2015, between 11:00 am and 12:00 pm. Defendants allegedly shot him, tazed him, beat him, and kicked him without justification, and then put him in solitary confinement without providing medical care for his injuries. Plaintiff claims that Defendants conspired against him to deprive him of his constitutional

1

> rights.  In addition, Plaintiff contends that Defendants retaliated against him for contacting the Michigan State Police regarding "const. rights, misconducts, property, food, law library, religious services [and] OPMH."
>
> Plaintiff further contends that between April 17, 2015 and May 18, 2015, all of the Defendants "did in fact collaborate to fictitiously fabricate the incident to cover up the unjustified use of force of the Plaintiff which le[d] to administrative disciplinary action and charges against . . . Plaintiff for fictitiously assaulting [and] resisting Defendants." Plaintiff provides more details in a memorandum filed in support of the complaint.
>
> Indeed, he does not even mention [any of the Defendants except for Braman and Newsome] by name in the body of the complaint or in the memorandum in support thereof.  Moreover, there are no facts alleged from which to infer that [any of the Defendants except for Braman and Newsome] were involved in the events giving rise to Plaintiff's claims. Where a person is named as a defendant without an allegation of specific conduct, the claim against them is subject to dismissal, even under the liberal construction afforded to pro se complaints.  See *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

For the same reasons Judge Quist dismissed Heyns and Robinson, this Court dismisses the remaining defendants except for correctional officers Richard Newsome and Stephan Braman. In his complaint and supporting memorandum, Snelling only specifically refers to those two defendants and fails to mention others by name.

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and 42 U.S.C. § 1997e(c), the Court has an obligation to screen prisoner suits and suits where the plaintiff is proceeding *in forma pauperis*; if at any time the Court finds that the action fails to state a claim, is frivolous, or seeks monetary relief from immune defendants it must dismiss the suit *sua sponte*. *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

Although the federal rules only require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," see Fed. R. Civ. P.

2

8(a)(2), the statement of the claim must be plausible. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *Id.* However, legal conclusions need not be accepted as true. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Furthermore, the Court is not required to "create a claim which [the plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

While the Court construes pleadings filed by pro se litigants more liberally, "[t]he leniency granted to pro se [litigants] ... is not boundless[,]" and the Court will not "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (citation and internal quotation marks omitted). Indeed, pro se litigants still must plead a plausible claim for relief. See *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Snelling fails to state a claim against any defendants other than Braman and Newsome in their personal capacities. These are the only remaining claims.

**IT IS ORDERED**.

                                                s/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated:  December 22, 2016

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Thomas Snelling by electronic means or U.S. Mail on December 22, 2016.

s/Linda Vertriest
Deputy Clerk

---