UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS R. SNELLING,

    Plaintiff,                                 Case No. 15-13797
                                                 Honorable Victoria A. Roberts

v.

PAUL KLEE, et al.,

    Defendants.

_____/

## ORDER GRANTING IN PART AND HOLDING IN ABEYANCE IN PART DEFENDANTS' MOTION FOR RECONSIDERATION [ECF NO. 40]

Thomas Snelling ("Snelling") is incarcerated in the Michigan Department of Corrections ("MDOC"). He filed a 42 U.S.C. § 1983 *pro se* civil rights action against various MDOC employees named as Defendants. He alleges constitutional violations.

Defendants filed a motion for summary judgment, arguing that Snelling did not abide by the MDOC grievance procedures. They say this failure warrants dismissal of his lawsuit, and that the Eleventh Amendment bars Snelling's official capacity claims. On November 1, 2016, the Court entered its Order Denying in Part and Granting in Part Defendant's Motion for Summary Judgment.

Defendants now ask the Court to reconsider that part of its Order which held Snelling properly exhausted administrative remedies for grievances arising between April 17, 2015 and April 30, 2015. Specifically, Defendants say the following were palpable defects in the Court's Order:

1

1. This Court erred in concluding there was a genuine issue of material fact as to the contents of ARF-1504-0952-28a ("ARD 0952") because Snelling failed to properly pursue that grievance through Step III;

2. This Court erred in concluding that genuine issues of material act existed as to whether Snelling properly exhausted ARF-1504-0931-28f ("ARF-0931"), ARF-1504-0950-27a ("ARF-0950"), and ARF-1505-1046-28f (ARF-1046"), where Snelling failed to follow the modified grievance process or to timely appeal those grievances; and

3. Even assuming that genuine issues of material fact existed as to whether Snelling exhausted his grievances, the Court should dismiss the defendants not named in the grievances.

In an order entered earlier today [Doc. 46], the Court dismissed all Defendants *sua sponte* except Braman and Newsome. That order disposes of the Defendants' third claimed error and any error with respect to ARF-1046, since it does not refer to Braman and Newsome.

Accordingly, the Court needs only to consider Defendants' request for reconsideration with respect to ARF-0931, ARF-0950 and ARF-0952, although it is unclear that ARF-0952 involves Braman and Newsome.

Local Rule 7.1(h)(3) guides the Court in its review of Defendants' motion:

> Generally, and without restricting the court's discretion, the court will not grant motions for ... reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

2

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).

The Court concludes that it did err in finding that genuine issues of material fact exist as to whether Snelling properly exhausted ARF-0931 and ARF-0950. The Court reserves judgment with respect to ARF-0952.

Snelling was required to properly exhaust administrative remedies. See *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* 548 U.S. at 90-91. Snelling did not comply with the MDOC's Policy Directive 03.02.130 concerning prisoner/parolee grievances.

### A. ARF-0931

Snelling was on modified access until May 24, 2015. Under 03.02.130 ¶ KK, a prisoner on modified access must obtain the Step I form from the grievance coordinator only. He did not do that before he filed ARF-0931. Instead, Snelling kited the grievance coordinator on April 17, 2015 for a Step I form. Because he kited and did not request, ARF-0931 failed at Step 1 and was not properly exhausted. Snelling's § 1983 claim on this grievance fails.

### B. ARF-0950

Snelling also failed to properly exhaust ARF-0950. A prisoner has 15 days from the date he receives the Step II form to file an appeal with the grievance coordinator. See MDOC PD 03.02.130 ¶ CC. Snelling's appeal for ARF-0950 was due on May 14, 2015; the grievance coordinator did not receive it until June 3, 2015.

3

Snelling claims that he did not receive the form until May 17, 2015, but he presents no evidence that he was prevented from timely filing ARF-0950. Without a valid reason for the delay, Defendants properly rejected ARF-0950. See 03.02.130 ¶ G.

There is no genuine issue of material fact that Snelling failed to properly exhaust ARF-0950; his § 1983 claim based on this grievance fails as well.

### C. ARF-0952

The Court will hold its reconsideration with respect to ARF-0952 in abeyance. The Court does not know if ARF-0952 pertains to Braman or Newsome, what Snelling grieved, or if he properly exhausted steps I, II, and III. The MDOC Prisoner Step III Grievance Report - which was provided - says that ARF-0952 was returned to Snelling on November 19, 2015 requesting Step I and II documents. It does not say that Snelling failed to resubmit ARF-0952.

Defendants carry the burden to prove that no genuine issue of material fact exists. At this point they fail to meet their burden with respect to ARF-0952.

### CONCLUSION

This Court's order [Doc. 46] resulted in dismissal of all Defendants except Braman and Newsome, mooting the need for the Court to consider Defendants' third claimed error in their Motion for Reconsideration.

The Court **GRANTS** Defendants' Motion for Reconsideration with respect to Grievances ARF-0931 and ARF-0952. Any § 1983 claims pertaining to those grievances are dismissed.

Defendants' Motion for Reconsideration with respect to ARF-0952 is **HELD IN ABEYANCE** until Defendants provide the Court with documentation, including Step I, II,

4

and III forms and grievance decisions. Defendants must submit documentation by

**Thursday, December 29, 2016**.

    **IT IS ORDERED**.

                                                    /s/ Victoria A. Roberts
                                                  Victoria A. Roberts
                                                  United States District Judge

Dated:  December 22, 2016

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Thomas Snelling by electronic means or U.S. Mail on December 22, 2016.

s/Linda Vertriest
Deputy Clerk

---